UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUG WOLSHLAGER,

    Plaintiff,                             Hon. Paul L. Maloney

v.                                         Case No. 1:22-cv-602

ARTHUR CLARKE III, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action July 1, 2022, against Van Buren County, three Van Buren County law enforcement officers, and 20 John Does. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following. On an unspecified date in March 2022, Plaintiff was "stopped" and "arrest[ed]" for "driving with invalid license." (ECF No. 1, PageID.4). Plaintiff alleges that because he was stopped and arrested without "a 4th Amendment warrant" or a "true bill indictment," his arrest, by "kidnappers," was

illegal and violated his constitutional rights. Plaintiff requests declaratory relief as well as $31,182,972.24 in actual damages.

Pursuant to the Fourth Amendment, a "traffic stop is justified if the officer has an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of the law." *People v. Simmons*, 894 N.W.2d 86, 88 (Mich. Ct. App. 2016). It is unlawful in Michigan to operate a motor vehicle without a valid driver's license. Mich. Comp. Laws § 257.904. It is lawful for officers to arrest an individual who is operating a motor vehicle without a valid driver's license. *See People v. Lavallis*, 2019 WL 1050044 at *1-4 (Mich. Ct. App., Mar. 5, 2019). Moreover, "[w]arrantless arrests that take place in public upon probable cause do not violate the Fourth Amendment." *People v. Hammerlund*, 939 N.W.2d 129, 135 (Mich. 2019).

Plaintiff does not allege that the officers lacked lawful authority to stop him on the date in question. Plaintiff does not dispute that he was driving without a valid driver's license or that the officers otherwise lacked probable cause to arrest him. In sum, while Plaintiff may not like that he was arrested for driving without a valid license, Plaintiff has failed to allege facts from which a reasonable juror could conclude that such violated his rights. Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim on which relief may be granted.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 13, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge